UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL DAVIS, | No. 2:19-cv-1976-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. FELDER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

<u>Screening</u>

I. <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff alleges that he was diagnosed as a diabetic in August of 2017 and, as a consequence, required additional provision of snack foods to manage his blood sugar levels. ECF No. 1 at 3. He claims that medical staff frequently ignored this necessity and, on August 16, 2017, he filed a grievance requesting that this problem be addressed. *Id.* Plaintiff alleges that, two or three days after filing his grievance, defendant Harris (a non-physician member of the medical staff) approached him and told him that the snacks had now become "an issue." *Id.* at 4. Later that day, Harris appeared with a large pack of crackers and cheese (a week's worth of snacks for a diabetic prisoner) and told plaintiff that he could have the snacks if he consented to sign an unspecified paper. *Id.* Plaintiff told Harris that procedure dictated that he be provided with snacks on a daily, rather than weekly basis, and he expressed reluctance to sign the paper

Harris held out. *Id.* Harris responded by giving him one cracker – a quantity plaintiff characterizes as half of what he needed – and walking away. *Id.*

The next day, plaintiff saw defendant Crook (another non-physician member of the medical staff) for administration of insulin. *Id.* Crook also gave plaintiff only one cracker after the appointment. *Id.* Plaintiff allegedly told Crook that he was to get two crackers and that one was insufficient to maintain his blood sugar levels. *Id.* He went so far as to show her orders from his provider indicating that the full snack was medically necessary. *Id.* Crook was allegedly steadfast in her refusal to give plaintiff more than one cracker and directed a nearby correctional officer to return plaintiff to his cell. *Id.* Plaintiff claims that, after their exchange, he believed that the refusal by Harris and Crook to provide the full snack amount was retaliation for the grievance he had previously filed. *Id.* Later that evening, plaintiff alleges that he suffered critically low blood sugar and lost consciousness. *Id.* Medical staff were forced to undertake emergency procedures to prevent him from entering a comatose state. *Id.* at 4-5.

The court finds that, for screening purposes, plaintiff has stated a cognizable Eighth Amendment claim for medical deliberate indifference against defendants Harris and Crook (employees of California State Prison, Sacramento).[1] He has also stated a viable First Amendment claim against both of these defendants.[2] The court also finds, however, that plaintiff has failed to plead sufficient allegations to state a cognizable claim against defendant Felder. Plaintiff identifies Felder as the Chief Medical Officer at California State Prison Sacramento – where the foregoing incidents occurred. *Id.* at 2. He does not allege that Felder was personally involved in his care. And there is no respondeat superior liability under section 1983. *See Taylor*

---

[1] The court notes that the only concrete injury – the loss of consciousness – occurred directly after Crook declined to provide the full snack. A reasonable inference, however, is that his critically low blood sugar was also caused by Harris' refusal to provide the full snack amount the day prior.

[2] Plaintiff's allegations of retaliation do not draw a direct line between his grievance and denial of medical care. The Ninth Circuit has held, however, that "[b]ecause direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

3

*v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, his claims against Felder will be dismissed with leave to amend.

### III. Leave to Amend

Plaintiff may proceed only with the viable claims against Harris and Crook identified above. Alternatively, he may delay serving any defendant and file an amended complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names

4

actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, viable Eighth Amendment deliberate indifference to serious medical needs claims and First Amendment retaliation claims against defendants Harris and Crook.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: December 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. FELDER, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1976-JAM-EFB P<br><br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

　(1) _____ proceed only with the Eighth Amendment deliberate indifference to serious medical needs and First Amendment retaliation claims against defendants Harris and Crook.

OR

　(2) _____ delay serving any defendant and files an amended complaint.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: