UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNELL DAVIS, | No. 2:19-cv-01976-DJC-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| B. HARRIS, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff has alleged that defendants Harris and Hunter were deliberately indifferent to his serious medical needs by withholding his prescribed diabetic snack for three days, and that they did so in retaliation for plaintiff filing a grievance about not receiving his snacks. Defendants moved for summary judgment on all claims, and the court found that there was a genuine dispute as to whether defendants were deliberately indifferent to plaintiff's serious medical needs and whether Harris retaliated against plaintiff. The court granted summary judgment for Hunter on plaintiff's relation claim because there was no evidence that Hunter knew plaintiff had engaged in a protected activity.

After the court resolved all dispositive motions, I held a status conference and a settlement conference. The case did not settle, and so Judge Calabretta set the matter for trial. Currently before the court are plaintiff's motions to appoint three expert witnesses for trial, ECF No. 61,

1

and to appoint counsel, ECF No. 62.  I will deny both.

## Motion to Appoint Expert Witness

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue.  Fed. R. Evid. 702.  Under Rule 706(a) of the Federal Rules of Evidence, a court has discretion to appoint a neutral expert on its own motion or on the motion of a party.  Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).  However, Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for a plaintiff.  *See Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010).  Indeed, the appointment of an expert witness under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice."  *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case).

Plaintiff cannot seek appointment of an expert witness for his own benefit.  Rule 706(a) permits the court to appoint only neutral expert witnesses.  *See Students of Cal. School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984).  Moreover, "28 U.S.C. § 1915 . . . does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court."  *Gorton v. Todd*, 793 F. Supp. 2d at 1171, 1184 n.11 (E.D. Cal. 2011).  If the court were ever to appoint an expert witness, the expert would be appointed to assist the trier of fact, and not to collect and interpret evidence or respond to defenses brought by defendants.  *See Lopez v. Scribner*, No. CVF045595 OWW-DLB P, 2007 WL 1215420, at *1 (E.D. Cal. Apr. 24, 2007) ("The function of an expert witness is to testify at trial to assist the trier of fact in understanding the evidence.").

Plaintiff's claims of deliberate indifference to serious medical needs and retaliation are not so complex as to require an expert witness to present or prove the case.  *See Noble v. Adams*, No. 1:03-CV-05407 AWI-SMS (PC), 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying the plaintiff's request to appoint medical expert witness in § 1983 action because "the issues are not so complex as to require the testimony of an expert"); *Lopez v. Scribner*, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying the plaintiff's request to appoint medical expert witness in

2

1 § 1983 action because "the legal issues involved in this action are not particularly complex");
2 *Cejas v. Paramo*, No. 14-CV-1923-JO-WVG, 2023 WL 2755117, at *1 (S.D. Cal. Mar. 31, 2023)
3 (denying the plaintiff's request to appoint an expert witness because his retaliation claim was not
4 so complex to warrant the appointment of an expert witness).

5    Plaintiff has alleged that defendants were deliberately indifferent to his medical needs in
6 violation of the Eighth Amendment when they withheld his diabetic snack, and that Harris did so
7 in retaliation for plaintiff's filing of a grievance. In his motion, he seeks the appointment of three
8 experts: (1) a medical expert to testify on the treatment required for patients with chronic
9 diabetes; (2) a psychological expert to testify to the "exacerbation of [his] anxiety and depression
10 as a result of defendants' actions"; and (3) an expert on prison culture to testify to the complexity
11 of prison environments and "the role of medical staff relating to interactions [of] the use of
12 passive retaliation as a weapon." ECF No. 61 at 5. Plaintiff's request for his second and third
13 expert must be denied simply because courts do not appoint an expert to aide one of the parties
14 and plaintiff specifically asks for those experts to aide his case. *See Gamez*, 2010 WL 2228427,
15 at *1. As for his first requested expert, plaintiff has not demonstrated that his claim of deliberate
16 indifference is so complex as to require an expert witness to present the case. *See Noble*, 2009
17 WL 3028242, at *1.

## Motion to Appoint Counsel

19    District courts lack authority to require counsel to represent indigent prisoners in section
20 1983 cases. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). In exceptional circumstances,
21 the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C.
22 § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900
23 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances"
24 exist, the court considers plaintiff's likelihood of success on the merits as well as the ability of the
25 plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.
26 *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in
27 declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the
28 plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and

limited law library access, generally do not establish exceptional circumstances warranting a court request for voluntary assistance of counsel. Only "rarely" will a court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *Williams v. Navarro*, 2021 WL 634752, at *2 (S.D. Cal. Feb. 17, 2021); *see Goldstein v. Flament*, 167 F. App'x 678, 680-81 (9th Cir. 2006) (upholding denial of appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate indifference to medical needs claims did not demonstrate exceptional circumstances).

Plaintiff has demonstrated an ability to articulate his legal claims. Indeed, a majority of his claims have survived summary judgment, and the case is currently set for trial in early 2024. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). The issues in this case are not unusually complex, in either a factual or legal sense: Plaintiff claims that he was denied snacks prescribed by his doctor, and that Harris denied him snacks in retaliation for his filing of a grievance. *See Cardwell v. Kettelhake*, No. 2:08-CV-01006-JLR, 2009 WL 4666867, at *1 (E.D. Cal. Nov. 30, 2009) (denying plaintiff's request for counsel because "the legal issues surrounding [the plaintiff's] 42 U.S.C. § 1983 claim that he was deprived of adequate medical care are not complex"); *Goldstein*, 167 F. App'x at 680-81. After considering the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for the appoint of expert witnesses, ECF No. 61, is denied.

2. Plaintiff's motion for the appointment of counsel, ECF No. 62, is denied.

IT IS SO ORDERED.

Dated:   June 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4